IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USA TECHNOLOGIES, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRADLEY M. TIRPAK, *et al.* | : | NO. 12-2399 |

## ORDER

**AND NOW**, this 24th day of May, 2012, upon consideration of Plaintiff's Motion for a Temporary Restraining Order, (Doc. No. 3) and the parties' consent to treat the motion as one for a preliminary injunction, the defendants' response, and after a hearing on May 9, 2012, it is **ORDERED** that the motion is **GRANTED**.

It is **FURTHER ORDERED** as follows:

1. The following statements from the defendants' April 30, 2012 press release violate Section 9 of the Second Settlement Agreement:

> Since Stephen Herbert became President and COO in August 1999, the Company has accumulated net losses each fiscal year, totaling more than $175 million. During that time, the Company's stock price has declined over 99%.
> . . . .
> The Board approved four securities offerings from March 2010 to March 2011, and shareholders have been diluted by over 43% in the past two years.
>
> One long-standing Board member, Douglas Lurio, has billed the Company over $2,300,000 through his small law firm during the past five fiscal years while collecting an additional $100,000 in Board fees during that time.
> . . . .
> Eliminate Wasteful Spending . . . Mr. Lurio's small law firm has billed the Company over $2,300,000 during the past five fiscal years . . . .

2. The following statements in the defendants' first preliminary proxy statement violate Section 9 of the Second Settlement Agreement:

>Over the past one-, five- and ten-year periods, ended [sic] May 1, 2012, the Company's share price declined approximately 45.0%, 84.7% and 95.2%, respectively.
>. . . .
>In the last three fiscal years ended [sic] June 30, 2011, the Company has reported operating losses and overall net losses, each totaling in excess of $30 million.
>. . .
>In the fiscal years ended [sic] June 30, 2011, June 30, 2010 and June 30, 2009, net cash used in operating activities was approximately $5.2 million, $12.3 million and $8.5 million.

3.   The statements in the revised preliminary proxy statement discussing the Glass Lewis report violate the non-disparagement provision.

4.   Defendants Bradley M. Tirpak, Craig W. Thomas, John S. Ioannou, Ajoy H. Karna, Rodman K. Reef, Andrew Salisbury, George Wallner, S.A.V.E. Partners IV, LLC, and Locke Partners I LLC (collectively "defendants") are **ENJOINED** from publishing or otherwise disseminating the statements identified in paragraphs one, two, and three of this Order.

5.   Defendants shall immediately redact the statements identified in paragraph one of this Order from the April 30, 2012 press release, in paragraph two from the initial preliminary proxy statement, and in paragraph three from the revised preliminary proxy statement.

6.   Defendants are **ENJOINED** from making and disseminating any statements that violate the non-disparagement provision.

    7.       USAT shall post a bond of $1,000 as security.[1]


      /s/ Timothy J. Savage
      TIMOTHY J. SAVAGE,  J.

---

[1] Federal Rule of Civil Procedure 65(c) provides a preliminary injunction may issue "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." In the Second Settlement Agreement, the parties agreed to waive Federal Rule of Civil Procedure 65(c)'s bond requirement, and SAVE has not requested that USAT post a bond. However, the requirement cannot be waived. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010). Therefore, we fix security in a nominal amount.